## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAT, INC., et al.,

          **Plaintiffs,**        **CIVIL ACTION NO. 06-CV-11937-DT**

  **VS.**                   **DISTRICT JUDGE NANCY G. EDMUNDS**

**NATIONAL CITY BANK OF**     **MAGISTRATE JUDGE MONA K. MAJZOUB**
**THE MIDWEST, et al.,**
          **Defendants.**

_____/

## OPINION AND ORDER DENYING AS MOOT DEFENDANTS' MOTION TO COMPEL AND PLAINTIFFS' MOTION TO QUASH
## AND
## DENYING PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on three discovery motions. Defendants' Motion to Compel was filed on April 20, 2007. (Docket no. 39). Plaintiffs' Motion to Quash was filed on May 8, 2007. (Docket no. 48). The parties resolved these two motions before the hearing held by the Court on June 27, 2007. Accordingly, the Court finds these two motions to be moot. They will be denied on that basis.

Plaintiffs' Motion to Compel Discovery filed on April 30, 2007 is still at issue. (Docket no. 43). Defendants responded to this motion. (Docket no. 56). Plaintiffs filed a Reply brief. (Docket no. 63). The Court heard argument on this motion on June 27, 2007. The matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 44). This motion is therefore ready for ruling. The Court will first address the three major issues on which the parties disagree. The Court's ruling on these issues controls the decisions on the individual Interrogatories and Production Requests that are before the Court for decision. This is a case involving allegations of several federal anti-discrimination laws related to Defendants' alleged policies of "redlining" against

African-American-owned businesses in the city of Detroit with regard to commercial loans. Plaintiffs also claim that this case is properly brought as a class action, although no decision on that issue has been made at the present time. Specifically, Plaintiffs allege violation of the Fair Housing Act (FHA), 42 U.S.C. §§ 3601-19; the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §§ 1691-1691f; and the Civil Rights Acts of 1866 and 1870 (CRA), 42 U.S.C. §§ 1981 and 1982.

1.    *Geographic Scope*

The parties first disagree on the geographic area of the loan data which Plaintiffs should be able to discover from Defendants. Plaintiffs initially argued that they were entitled to data on loans made by Defendants for the entire state of Michigan. During the June 27, 2007 hearing, Plaintiffs narrowed their request to data from the Detroit Metropolitan Statistical Area which Plaintiffs' counsel indicated included roughly the counties of Macomb, Oakland, Lapeer, and Wayne. Defendants argue that Plaintiffs should be allowed discovery only on their loan data from the city of Detroit.

Rule 26(b), Fed. R. Civ. P., governs the scope of discovery and generally allows discovery of matters that are not privileged and that are relevant to the claim or defense of any party. In seeking to prove their claims of racial discrimination, Plaintiffs must show that the lender continued to approve loans for applicants with qualifications similar to those of a Plaintiff after denying a loan for the Plaintiff. *See Hood v. Midwest Savings Bank*, 95 Fed. App'x 768, 778 (6th Cir. 2004). Loan data will therefore be relevant to this issue on applicants from both inside and outside of the allegedly "redlined" areas in the city of Detroit. The Court finds that loan data from the Detroit Metropolitan Statistical Area is relevant to the claims and reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Detroit Metropolitan Statistical Area is the geographic scope of allowable discovery on the loan data of Defendants.

2.    *Temporal Scope*

The parties also disagree on the years for which the loan data of Defendants may be discovered. Defendants argue that the Plaintiffs should be limited in their discovery of loan data to the years 2002-2006, the years in which Plaintiffs allege that Defendants have engaged in a pattern of loan discrimination. Plaintiffs argue that they should be allowed to discover loan data from 2000-2006, to attempt to show a pattern of discriminatory lending by Defendants. They rely on the practice in employment discrimination cases generally allowing discovery extending back a few years before the alleged act which forms that basis of the plaintiff's claim. *See E.E.O.C. v. Ford Motor Credit Co.*, 26 F.3d 44 (6th Cir. 1994) (allowing discovery 3 years and 300 days before charge was filed). The plaintiff in that case alleged continuing discrimination beginning in 1984, when she was promoted, up until 1991 when she filed her complaint of discrimination. The court found that comparative information is essential in such a discrimination case and allowed discovery extending back 3 years before the expiration of the plaintiff's limitation period which was 300 days prior to the filing of her complaint.

In the present action, Plaintiffs allege discrimination beginning in 2002. They will receive data from numerous loans made or denied from 2002 to 2006. Defendants' counsel stated during the June 27 hearing that 1700 pages of data had already been disclosed. During the June 27 hearing, Plaintiffs' counsel was unable to state specifically how Plaintiffs would benefit from data from the years 2000 and 2001. The Court rejects Plaintiffs' argument that they should be allowed discovery back to the year 2000 because Defendants are required by federal regulations to maintain loan data extending back to that year. The plaintiff in *E.E.O.C. v. Ford* was not granted discovery for the entire period during which she claimed discrimination, but Plaintiffs in this action will receive discovery for this period. The Court agrees that Plaintiffs are entitled to discovery of data for some period of time pre-dating their allegations in their quest for comparative information. However, data from the period beginning January 1, 2001 rather than January 1, 2000 should be sufficient to allow Plaintiffs to collect comparative information

and yet avoid unduly burdening Defendants. Accordingly, the years 2001-2006 will be the temporal scope of allowable discovery on the loan data of Defendants.

3. *Scope of Types of Loans*

Plaintiffs seek to discover Defendants' loan data for mortgage and other types of loans. Defendants contend that because Plaintiffs' Amended Complaint alleges discrimination only in small business or church loans that discovery should be limited to these types of loans. Plaintiffs' Amended Complaint raises allegations of discrimination in commercial and small business loans only. There are no denials of mortgage loans asserted. The surviving claim under the FHA is one made by Plaintiff 3M alleging that Defendants required 3M to execute a lien upon the residence of 3M's owner to secure a business loan. Therefore, this claim is not one of discrimination in the making of a mortgage loan. Also, Plaintiffs cite the "declaration" of Priscilla Norris-Johnson claiming that Defendants discriminated against her in the making of a residential mortgage. However, she fails to state when she applied for this mortgage loan, and, more importantly, the Amended Complaint has not been amended to name her as a plaintiff. Therefore, her declaration may not be considered as a claim in this case as of this time.

Plaintiffs have failed to show that discovery regarding loan types other than small business/commercial loans are relevant to their claims. The scope of discovery will therefore be limited to small business and commercial loans, excluding residential mortgage loans.

4. *Individual Discovery Requests*

Based on the above discussion, the Court rules as follows on the disputed individual discovery requests.

A. *Plaintiffs' First Set of Interrogatories*

Interrogatory 1 seeks data from January 1, 2000 from the entire state of Michigan with regard to "any loans." Therefore, the motion to compel is denied.

Interrogatory 2 asks Defendant to identify each witness and document it will rely on for proof of "any fact" that it expects to prove and/or in proving "any affirmative defense." The motion to compel is denied because the interrogatory is overly broad and unduly burdensome.

Interrogatory 3 lacks a limitation for the type of loan and covers the state of Michigan. The motion is denied as to this request.

Interrogatory 3 (sic) also lacks a limitation for the type of loan and covers the state of Michigan. The motion is therefore denied as to this request.

Interrogatory 11 asks for mortgage loan information. The motion as to this request is denied.

       B.       *Plaintiffs' First Set of Requests for Production*

Requests 2, 3, 4, 5, and 14 seek documents for any state extending back into the year 2000. The motion to compel is denied as to these requests.

Requests 6, 7, 8, 9, 10, 11, and 12 seek mortgage loan information. Also, many of the requests are for the entire state of Michigan for the time period beginning in 2000. Therefore, the motion is denied as to these requests.

Requests 17 and 22 seek loan information with no time limitation and without being limited to small business/commercial loans. The requests also lack a geographical limitation. The motion is denied as to these requests.

Request 19 lacks a time limitation. The motion is denied as to this request.

       5.       *Miscellaneous Matters*

The parties raised an issue during the June 27 hearing regarding a disagreement on the number of interrogatories Plaintiffs had served. After the hearing counsel conferred and according to Plaintiffs' counsel this issue has been resolved because Defendants' have served answers to another set of

interrogatories that Plaintiffs had earlier served upon Defendants. Therefore, the Court consider this issue to be resolved.

The only remaining matter is a disagreement among counsel regarding how many depositions have already taken place and how many Plaintiffs will be allowed. Plaintiffs have already taken one deposition. Therefore, under Fed. R. Civ. P. 30, Plaintiffs may take 9 more depositions before leave of court is required, unless Defendants stipulate to additional depositions.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (docket no. 39) and Plaintiffs' Motion to Quash (docket no. 48) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (docket no. 43) is **DENIED** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 29, 2007                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 29, 2007                    s/ Lisa C. Bartlett
                                        Courtroom Deputy