JAT, INC., et al.,

            Plaintiffs,          CIVIL ACTION NO.  06-CV-11937-DT

   VS.                  DISTRICT JUDGE NANCY G. EDMUNDS

NATIONAL CITY BANK OF      MAGISTRATE JUDGE MONA K. MAJZOUB
THE MIDWEST, et al.,
         Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL AND GRANTING PLAINTIFFS' MOTION TO EXTEND THE DEADLINE FOR PLAINTIFFS' EXPERT REPORTS

This matter comes before the Court on Plaintiffs' Second Motion to Compel Discovery filed on September 25, 2007.  (Docket no. 108).  This Motion has been fully briefed.  (Docket nos. 112, 116).  The Court heard oral argument on November 7, 2007.  In addition, Plaintiffs have filed a Motion to Extend the Deadline for Plaintiffs' Expert Reports.  (Docket no. 113).  Defendants have responded to this Motion.  (Docket no. 117).  This Motion will be decided on the briefs in this Opinion although the parties addressed this Motion during oral argument on November 7.  These matters are therefore ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket nos. 110, 114).

This is an action in which Plaintiffs allege that Defendant National City Bank discriminates against African-American churches and small businesses in the granting of loans in the City of Detroit.  Plaintiffs' Motion for Class Certification was denied in July 2007.  (Docket no. 74).  In their Joint Statement of Resolved/Unresolved Issues, the parties state that the unresolved issues are: (1) whether Defendants must produce interest rate spread and costs of funds data for loans made; (2) whether Plaintiffs' depositions of Weitz, Rowe, Rivera, and Fynn should go forward; (3) whether Plaintiffs'

depositions of Smith, Wolfiss, and Bickers should go forward; and (4) whether the deadline for Plaintiffs' Expert Reports should be extended for 60 days.

1.    *Interest Rate Spread and Cost of Funds Data*

Plaintiffs request the interest rate spread and cost of funds data from Defendant Bank because it will allegedly show if Defendant Bank offered credit on similar terms to those in African-American census tracts versus the White tracts of the Detroit Metro area. This data is therefore relevant to a claim of interest rate discrimination. Defendant Bank argues that Plaintiffs' Amended Complaint does not include such a claim. The Court agrees. During oral argument Plaintiffs' counsel pointed only to the allegations of Plaintiff 3M Contracting as a basis for this type of discrimination. Plaintiffs allege in their Amended Complaint that Defendant Bank required 3M to place a lien upon the owner's residence and "provided that its loan be renewed frequently so that the rate of interest 3M Contracting, Inc. is obligated to pay has been sharply increased." (Docket no. 9 at 3). This is the only reference in the Amended Complaint identified by Plaintiffs and the only one found by the Court. Judge Edmunds' Order of October 27, 2006 does not characterize the Plaintiffs' claims as alleging interest rate discrimination. The allegation by 3M is not that its original loan rate was higher than the Bank would have charged but for the fact that 3M is a minority business. It is that the loan term was short which has resulted in a higher loan rate, presumably because the interest rates have increased in the interim. There is no allegation that Defendant Bank charged Plaintiff 3M a higher rate than it was charging other customers during any renewal process. Therefore, this data is not relevant to the claims or defenses of any party, and Plaintiffs' Motion to Compel the production of this data will be denied. Fed. R. Civ. P. 26(b)(1).

2.    *Plaintiffs' Depositions of Weitz, Rowe, Rivera, and Fynn*

Defendants do not dispute that Plaintiffs noticed the depositions of Weitz, Rowe, Rivera, and Fynn before discovery closed. Defendants also do not dispute that these depositions fall within the number of depositions that Plaintiffs are allowed under Fed. R. Civ. P. 30(a)(2). The parties disagree on why these depositions did not go forward during the discovery period. Defendants argue that the notices for the depositions of Rowe and Weitz were late, but the Court finds that Plaintiffs reasonably explained why these two notices were served just before discovery ended. Therefore, these four depositions should go forward, and Plaintiffs' Motion to Compel these depositions will be granted.

3. *Plaintiffs' Depositions of Smith, Wolfiss, and Bickers*

Defendants do not dispute that Plaintiffs noticed these depositions well before discovery closed. Also, there is no dispute that these depositions also fall within the number of depositions that Plaintiffs are entitled to take under Fed. R. Civ. P. 30(a)(2). Therefore, Plaintiffs have shown that these three depositions should go forward. Defendants have filed a Motion for Protective Order in a related case, the *Peake* case, which is now pending before Judge Hood. They wish to preclude the use of any testimony from these depositions in that case because discovery in the *Peake* case has closed and Peake allegedly has not taken any depositions. Defendants state that they will produce these deponents and facilitate Wolfiss's appearance if Plaintiffs will stipulate that the depositions will not be used in the *Peake* case, or if a protective order is entered by this Court or by Judge Hood.

This Court may issue a protective order on good cause shown pursuant to Fed. R. Civ. P. 26(c) to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Courts have under some circumstances limited the use of deposition testimony to trial preparation in the case in which the depositions are taken. *See Baker v. Buffenbarger*, 2004 WL 2124787 (N.D. Ill. Sept. 22, 2004). However, in such cases the moving party has shown some evidence that a party intends to use the deposition testimony to embarrass or for some other purpose set out in Rule 26(c). Plaintiffs' counsel

during oral argument agreed that discovery should not be taken in this case for use in the *Peake* case. Defendants argue that they suspect Plaintiffs may attempt to use the testimony in the *Peake* case because: (1) these three persons will be key witnesses in the *Peake* case; (2) these three depositions were the first noticed by Plaintiffs; and (3) Plaintiffs allegedly agreed that the deposition testimony would only be used in this case and later retracted that agreement. Although such circumstances do raise suspicions, they are not sufficient for this Court to conclude that Plaintiffs intend to use the depositions in the *Peake* case or otherwise for an improper purpose.

The traditional limits of relevance under Fed. R. Civ. P. 26(b)(1) and 30(d)(4) will apply during these depositions. In addition, Fed. R. Civ. P. 32 limits the use of deposition testimony at trial to impeaching the testimony of the deponent as a witness and for other limited purposes. Given the failure of Defendants to show an improper purpose, the limitations already in place for the scope of allowable questions and the use of such testimony, in addition to the fact that Judge Hood apparently will rule on this issue in the *Peake* case before deposition testimony is used in that case, Plaintiffs' Motion to Compel these depositions will be granted. The Court expects Plaintiffs' counsel to limit questioning to the issues relevant to this action

.

### 4.    *Extension of Deadlines*

The final issue is whether Plaintiffs' deadline for filing expert reports should be extended. The present deadline was October 12, 2007. Defendants contend that if Plaintiffs' deadline is extended, all of the deadlines in the July 9, 2007 (docket no. 75) scheduling order must be extended. Given the additional depositions that will be taken in this action, the Court finds good cause for extending these dates. Accordingly, all of the dates will be extended 60 days. Plaintiffs' expert reports will be due December 12, 2007. Defendants' expert reports will be due January 12, 2008. The deadline for filing

dispositive motions will be February 7, 2008. The parties may approach Judge Edmunds for the new dates for the Final Pretrial Conference and for trial.

**IT IS THEREFORE ORDERED** that Plaintiffs' Second Motion to Compel Discovery (docket no. 108) is **GRANTED** to the extent that on or before November 22, 2007 Plaintiffs will re-notice the depositions of Weitz, Rowe, Rivera, Fynn, Smith, Wolfiss, and Bickers.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel as to the information concerning "interest rate spread" and "cost of funds" data is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend the Deadline for Plaintiffs' Expert Reports (docket no. 113) is **GRANTED** to the extent set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: November 08, 2007             s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 08, 2007             s/ Lisa C. Bartlett
                                       Courtroom Deputy