UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAT, INC., et al.,

        Plaintiffs,        CIVIL ACTION NO. 06-CV-11937-DT

 VS.        DISTRICT JUDGE NANCY G. EDMUNDS

NATIONAL CITY BANK OF        MAGISTRATE JUDGE MONA K. MAJZOUB
THE MIDWEST, et al.,
        Defendants.

_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO BAR THE TESTIMONY OF PHILLIP PEAKE (DOCKET NO. 125)

      This matter comes before the Court on Defendants' Motion to Bar the Testimony of Phillip Peake filed on March 4, 2008. (Docket no. 125). Plaintiffs filed a Memorandum in Opposition to Defendants' Motion to Bar the Testimony of Phillip Peake on March 19, 2008. (Docket no. 126). Defendants filed a Reply Brief in Support of Their Motion to Bar the Testimony of Phillip Peake on March 31, 2008. (Docket no. 129). The Parties filed a Joint Statement of Resolved/Unresolved Issues Regarding Defendants' Motion to Bar the Testimony of Phillip Peake on April 4, 2008. (Docket no. 130). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 127). The Court heard oral argument on this motion on April 10, 2008. The motion is therefore ready for ruling.

      This is an action in which Plaintiffs allege that Defendant National City Bank discriminates against African-American churches and small businesses in the granting of loans in the City of Detroit. Plaintiffs' Motion for Class Certification was denied in July 2007. (Docket no. 74).

Defendants move to bar the testimony of non-party Phillip Peake because Peake has refused to appear for deposition despite being subpoenaed by Defendants in this case on May 8, 2007. (Docket no. 125-3). Peake was a Plaintiff in this action but his claims against Defendants were dismissed on October 27, 2006 and he was terminated as a Plaintiff. (Docket no. 20). Defendants allege that Peake is a former employee and is the "impetus for, and mastermind behind, the instant lawsuit, having solicited each of the Plaintiffs . . . to file claims against Defendants." (Docket no. 125). Plaintiffs conceded at the hearing that Peake is a material witness.

The subpoena commanded Peake to produce documents at the offices of Phifer & White, P.C. in Detroit on May 24, 2007 at 1:00 p.m. and appear on May 29, 2006[1] (sic) at 9:30 a.m. at the same place. (Docket no. 125-3). Plaintiffs and Peake share the same counsel, Rose & Rose, P.C. in Washington D.C. Rose & Rose agreed to and in fact did accept service of the subpoena on Peake. (Docket no. 125-3).

Peake's attorney advised Defendants via email dated May 10, 2007 that Peake was available for deposition on May 30 or 31, 2007 instead of May 29. (Docket no. 125-4). On May 17, 2007 Plaintiff's and Peake's attorney notified Defendants' attorney that Peake was not available on May 30 and that they would "have to find a new date for his dep." (Docket no. 125-5). Thereafter, Peake refused to appear. Defendants through their attorneys made numerous attempts to reschedule Peake's deposition pursuant to the continuing May 8, 2007 subpoena. Plaintiffs do not contest that Defendants made diligent efforts to schedule Peake's deposition. (Docket no. 126 at 2). On October 19, 2007 Peake's attorney notified Defendants' attorney via email that Peake was taking the position

---

[1] The subpoena at Exhibit 1 to Defendant's Motion is dated both 2007 and 2006 in various places on the subpoena. (Docket no 125-3). None of the parties contest that the subpoena was issued in 2007 for Peake's appearance in 2007.

2

that he would only appear after the other ten witnesses whom Plaintiff had noticed were deposed. (Docket no. 125-7). On November 19, 2007 Peake's attorney notified Defendants' attorney via email that Peake would be available on January 21, 2008, Martin Luther King, Jr. day. (Docket no. 125-8). In January 2008 Peake took the position that he would only appear after his trial in another case pending before the court[2].

In a Joint Motion to Extend All Remaining Dates in the Scheduling Order filed January 3, 2008, the parties stated that

> . . . Peake is willing to be deposed only after his trial before Judge Hood, which set (sic) to begin on Tuesday, January 22, 2008. As a courtesy to Mr. Peake, Defendants agreed to continue Mr. Peake's deposition on multiple occasions (most recently to January 21, 2007 (sic) since serving him with a lawful subpoena in May, 2007. Mr. Peake has been identified by Plaintiffs as a material witness and his deposition is necessary for the filing of summary judgment. Counsel for Plaintiffs and Mr. Peake expect to produce Mr. Peake for his deposition in this case within thirty (30) days after his trial is completed.

(Docket no. 122 at 2). Although Peake was the Plaintiff in the other case, he did not appear for trial and Defendant bank has a Motion to Dismiss pending in that action. (E.D. Mich. Case No. 05-cv-72520, Docket nos. 72-76,).

In both Plaintiff's Response brief and at the April 10, 2008 hearing on Defendants' Motion to Bar Testimony, Plaintiff's and Peake's attorney stated that it remains Peake's position "today" that he will not appear in this case until after the other trial. (Docket no. 126 at 7). In spite of further efforts by Peake's attorneys and Plaintiffs to convince Peake to appear, Peake's position has not changed since December 2007. (Docket no. 126 at 7). Plaintiffs state that they and their "counsel remain firmly committed to facilitating Mr. Peake's deposition in this case," however, they admit

---

[2]Peake and National City Bank of Michigan are Plaintiff and Defendant respectively, in E.D. Mich. Case No. 05-cv-72520.

3

that "neither Plaintiffs nor undersigned counsel have the capacity to produce Mr. Peake for his deposition in the meantime." (Docket no. 126 at 7).

**Analysis**

Defendants ask the Court to enter an order barring Peake from offering any testimony on behalf of Plaintiffs in this case because of his continued refusal to obey the May 8, 2007 subpoena. In the alternative, Defendants request that Peake be found in contempt, ordered to appear for deposition before March 31, 2008 and required to pay Defendants for the attorneys' fees and costs expended in bringing this motion. (Docket no. 125 n.12). Plaintiffs argue that the Court does not have authority to bar Peake's testimony and that the remedy is in substance a Fed. R. Civ. P. 37 remedy not available for Peake's failure to comply with the subpoena. Plaintiffs' counsel conceded at the hearing that Peake is on their witness list[3], he is their material witness and they will be prejudiced if he is not allowed to testify. Plaintiffs also argue that because Defendants deposed Peake in the other lawsuit, they will not be substantially prejudiced without Peake's deposition in this case.

As an initial matter, it is irrelevant to the issues herein that Peake was deposed by Defendants in E.D. Mich. case no. 05-cv-72520. That deposition was taken on July 12, 2006. Plaintiffs filed a Complaint initiating this case on April 25, 2006 and filed a First Amended Complaint on July 31, 2006, after Peake was deposed in the other action. (Docket nos. 1, 9). Plaintiffs provide no legal authority for their proposition that taking a deposition in one case precludes deposing the same person in a case filed thereafter involving different claims and additional parties.

---

[3]Peake does not appear on Plaintiff's witness list filed with the Court on May 7, 2007, but may be listed as a witness on other documents exchanged between the parties. (Docket no. 46).

Fed. R. Civ. P. 45 governs the issuance, service and enforcement of subpoenas. "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e). "Courts have often found a person in contempt for refusing to comply with a validly issued subpoena without objecting to it or making a motion to quash." *See Bariteau v. Krane*, 206 F.R.D. 129, 132 (W.D. Ky. 2001). "A subpoena presents a continuing duty to appear and does not expire upon its stated date." *Shulton, Inc. v. Optel Corp.*, 126 F.R.D. 80, 81 (S.D. Fla. 1989).

"Although there are no specific procedural steps to follow in civil contempt proceedings, due process requires that the appellant be given the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1343 (8th Cir. 1975). Defendants' Motion to Bar Testimony of Phillip Peake was filed and served on March 4, 2008, including service on Peake's attorneys at Rose and Rose. (Docket no. 125). The attorneys for the parties, including the attorney representing both Plaintiffs and Peake appeared before the Court at the April 10, 2008 hearing on Defendants' Motion to Bar the Testimony of Phillip Peake[4]. Therefore Peake had both notice of Defendants' Motion seeking relief under Fed. R. Civ. P. 45(e) and an opportunity to be heard on the same. (Def's Br. at 5, Docket no. 125). The Court finds that the

---

[4] The May 8, 2007 subpoena was served on Josh Rose of Rose & Rose, P.C. (Docket no. 125-3). The Rose & Rose attorneys of record in this case are David L. Rose and Yuval Rubinstein. Although Josh Rose did not file an appearance in case no. 06-11937, he filed a "Declaration" on September 18, 2007 stating that he is lead counsel in this case and the record is replete with email correspondence between Mr. Josh Rose and Defendants' counsel in this matter, including communications regarding dates for Peake's deposition. (Docket nos. 106-3, 125-4). Mr. Rubinstein appeared at the April 10, 2008 hearing and indicated that he also had communicated with Peake regarding the deposition and subpoena.

objects of due process are met with respect to Defendants' request that Peake be found in contempt of the May 8, 2007 subpoena.

Plaintiffs and Peake's attorney conceded at the hearing that Peake neither objected to nor moved to quash the May 8, 2007 subpoena. Peake repeatedly failed to appear and provided no adequate excuse for these failures. The Court will find Peake is in contempt for failing to obey the May 8, 2007 subpoena. Fed. R. Civ. P. 45(e).

Plaintiffs argue that Defendants are in substance moving for sanctions against Plaintiffs and barring his testimony would prejudice Plaintiffs. This is not so. As stated above, the Court has the authority to find a served person in contempt for failure to obey a subpoena. *See* Fed. R. Civ. P. 45(e); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("The power to punish for contempts is inherent in all courts."). Second, "[a] court surely can bar the testimony of a witness who refuses to submit to a deposition or to produce the materials he reviewed prior to testifying." *See Northbrook Excess and Surplus Insurance Co. v. The Procter and Gamble Co.*, 1988 U.S. Dist LEXIS 14895 *3-4 (N.D. Ill. Dec. 28, 1988). Defendants should have had the opportunity to depose Plaintiffs' material witness on important issues prior to the close of discovery.

The Court will bar the testimony of Peake at the trial in this matter. The Court finds that this is an adequate remedy for the following reasons. First, ordering Peake to comply with the subpoena would be futile because Peake has not complied with the subpoena to date and his position remains that he will not comply with the subpoena until after the conclusion of the other trial, a now unknown date. Second, ordering Peake to comply with the subpoena now would be an insufficient remedy. Discovery is closed and the dispositive motion deadline is past. Third, allowing Peake to testify would be prejudicial to Defendants. Defendants in their Reply Brief allege that they should

6

be able to use Peake's "deposition to contradict or impeach the testimony given by the deponent." Fed. R. Civ. P. 32(a)(1). Further, Plaintiffs have not identified the prejudice they will suffer if Peake is not allowed to testify, discovery is closed, dispositive motions due on April 11, 2008 and Plaintiffs may have had access to Peake through their own attorney when Defendants did not. Finally, Defendants acted diligently in pursuing Peake's appearance pursuant to the subpoena.

**IT IS THEREFORE ORDERED** that Mr. Peake is in contempt of Court for failing to obey the May 8, 2007 subpoena.

**IT IS FURTHER ORDERED** that Defendants' Motion to Bar the Testimony of Phillip Peake (docket no. 125) is **GRANTED** in part and Mr. Peake will have no opportunity to testify either by deposition or at trial after the close of discovery in this action, which closed on September 1, 2007. (Docket no. 75).

**IT IS FURTHER ORDERED** that Defendants' motion for attorneys' fees is DENIED without Prejudice.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: April 22, 2008          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: April 22, 2008         s/ Lisa C. Bartlett
                              Courtroom Deputy